UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STELLA CARBAJAL, )
)
Plaintiff, )
) No.
v. )
) CV-03-5988
NATIONS RECOVERY CENTER, INC., )
) JURY DEMANDED
Defendant. )

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 26 2003 ★
BROOKLYN OFFICE

DEARIE, J.
LEVY, M.J.

**COMPLAINT FOR VIOLATIONS**
**OF THE FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiff Stella Carbajal ("Carbajal" or "Plaintiff"), files this Complaint against Defendant Nations Recovery Center, Inc. ("Defendant"), for the illegal practices of Defendant, concerning the collection of debts, in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

*Introduction*

1. Plaintiff Carbajal brings this case against Defendant for repeatedly calling her a "thief" and threatening that she was going to be charged with "theft by deception," a "felony."

*Parties*

2. Carbajal is a citizen of the State of New York who resides within this district.

3. Carbajal is a "consumer," as that term is defined by section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from her is a consumer debt, purportedly owed to "First USA."

4. Defendant is a corporation regularly engaged for profit in the collection of debts allegedly owed by consumers.

5. Defendant is a Georgia corporation "fully insured and licensed to work in all fifty states," according to its website.

1

6. The principal purpose of Defendant's business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others.

7. Defendant is a "debt collector" as defined by § 1692(a)(6) of the FDCPA.

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

10. Venue is also proper in this district since Defendant can be found, has agents or transacts business in this district.

### *Factual Allegations*

11. Sometime in December 2002, Plaintiff received a debt collection telephone call from a representative of Defendant.

12. During the course of the telephone call, Defendant's representative:

   a. Repeatedly called Plaintiff a "thief";

   b. Repeatedly threatened that if she did not pay off her alleged debt, Defendant would press charges against her for "theft by deception," a "felony";

   c. Read off a list of other companies from whom Plaintiff allegedly "stole" money; and

   d. When advised by Plaintiff that, under the FDCPA she no longer wished to receive calls, Plaintiff was told that she would keep receiving calls because Plaintiff could not hide behind the law and get away with being a thief.

13. Instead of pressing criminal charges for "theft by deception," Defendant has written letters threatening asset searches and civil litigation.

2

14. To date, almost one year later after making the phone call, Defendant has taken no legal action, criminal or otherwise, against Plaintiff.

15. Defendant falsely represented that it could charge Plaintiff with "theft by deception," a "felony."

16. Defendant falsely represented that it would charge Plaintiff with "theft by deception," a "felony," when Defendant had neither the intention nor the ability to do so.

17. Defendant falsely represented that Plaintiff could not legally direct Defendant to stop calling.

18. Defendant's telephone call violated one or more provisions of the Fair Debt Collection Practices Act.

## COUNT I
### *Violations of the Fair Debt Collection Practices Act*

19. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

20. Defendant violated 15 U.S.C. § 1692e and e(10) by using false, deceptive, and misleading representations and threats in connection with the collection of Plaintiff's alleged debt.

21. Defendant violated 15 U.S.C. § 1692e(4) by falsely representing that the nonpayment of a debt will result in arrest or imprisonment where such action is not lawful or intended.

22. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take actions that cannot legally be taken or that Defendant does not intend to take.

23. Defendant violated 15 U.S.C. § 1692e(5) by falsely representing and implying that Plaintiff committed a crime or other unlawful conduct in order to disgrace the consumer.

24. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a consumer debt.

25. Section 807(5) of the Federal Trade Commission commentary to the FDCPA states in relevant part that:

> A debt collector may not state <u>or imply</u> that he or any third party <u>may</u> take any action <u>unless</u> such action is legal and <u>there is a reasonable likelihood</u>, at the time the statement is made, that such action will be taken. A debt collector may state that certain action is possible, <u>if it is true</u> that such action is legal and <u>is frequently taken</u> by the collector or creditor <u>with respect to similar debts</u>; however, if the debt collector has reason to know there are facts that make the action unlikely in the particular case, <u>a statement that the action was possible would be misleading</u>. Section 807(5) FTC Comm. Located at the FTC's website at http://www.ftc.gov/os/statutes/fdcpa/commentary.htm

> ******

> A debt collector's <u>implication</u>, as well as a direct statement, of planned legal action may be an unlawful deception. For example, <u>reference to an attorney or to legal proceedings may mislead the debtor as to the likelihood or imminence of legal action.</u> Section 807(5) FTC Comm. Located at the FTC's website at http://www.ftc.gov/os/statutes/fdcpa/commentary.htm

(emphasis added)

26. Defendant has falsely and deceptively threatened Plaintiff with criminal prosecution when there was no reasonable likelihood of such an action. At the time Defendant's representative spoke with Plaintiff in December 2002, there was no reasonable likelihood that Plaintiff would face criminal prosecution or that Defendant makes such a recommendation to the proper authorities, for example to the Queens County District Attorney. On information and belief, whether a consumer is criminally prosecuted is completely in the discretion of the Queens County District Attorney and is unlikely to be meaningfully influenced by a consumer debt collector.

4

27. On information and belief, Defendant does not make recommendations to the District Attorney or any other government agency on whether to criminally prosecute consumers.

28. At the time Defendant called Plaintiff, Defendant did not have any actual knowledge of whether Plaintiff had committed a "felony" that would subject her to criminal prosecution in violation of the FDCPA, 15 U.S.C. § 1692e(7).

29. In sum, Defendant's actions violate the FDCPA, 15 U.S.C. §§ e, e(4), e(5) and e(10), in that Defendant attempts to create in the least sophisticated consumer the belief that there is a realistic likelihood that the consumer will face criminal prosecution based upon actions taken by Defendant.

30. In fact, Defendant's conduct is of the same type that the Federal Trade Commission has included in its June 2000 report to Congress as activity that has been a considerable source of complaints.

> **Threatening dire consequences if consumer fails to pay:** Another source of complaints involves the use of false or misleading threats of what might happen if a debt is not paid. These include threats to institute civil suit or criminal prosecution, garnish salaries, seize property, cause job loss, have a consumer jailed, or damage or ruin a consumer's credit rating. Such threats violate the Act unless the collector has the legal authority and the intent to take the threatened action. (Sections 807(4)-(5), 15 U.S.C. §§ 1692e(4)-(5).) The Commission received 567 complaints in 1999 alleging that third-party collectors falsely threatened a lawsuit or some other action that they could not or did not intend to take, and 212 complaints alleging that such collectors falsely threatened arrest or seizure of property. (Emphasis added.) Located at the FTC's website at http://www.ftc.gov/os/statutes/fdcpa/fdcpa2000rpt.htm

(emphasis added)

31. By virtue of the above conduct, Defendant is liable to Plaintiff for violating §§ e, e(4), e(5) and e(10).

5

WHEREFORE, Plaintiff asks that this Court enter judgment in her favor against Defendant as follows:

    (A)    Statutory damages;

    (B)    Actual damages;

    (C)    Attorney fees, litigation expenses, and costs incurred in bringing this action; and

    (D)    Any other relief this Court deems appropriate and just under the circumstances.

### *Demand for Jury Trial*

Please take notice that Plaintiff demands trial by jury in this action

Dated:    New York, New York
November 26, 2003

Respectfully submitted,

Brian L. Bromberg, P.C.

By: _____
Brian L. Bromberg (BB: 6264)
One of Plaintiff's Attorneys

Attorneys for Plaintiff
Brian L. Bromberg
Brian L. Bromberg, P.C.
40 Exchange Place, Suite 604
New York NY 10005
(212) 248-7906

Lance A. Raphael*
Stacy M. Bardo*
180 West Washington, Suite 700
Chicago IL 60602
(312) 782-5808

* Illinois counsel will move for *pro hac vice* admission after the case is assigned to a judge, the complaint has been served, and Defendant appears.